**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

NORA'S STYLE SALON INC.,                         )
                                                 )
              Plaintiff,                          )
                                                 )
v.                                               )
                                                 )   CIVIL ACTION NO.
FARMER'S GROUP, INC. D/B/A FARMERS               )   1:20-cv-22751-DPG
UNDERWRITERS ASSOCIATION and TRUCK               )
INSURANCE EXCHANGE,                              )
                                                 )
              Defendants.                         )
                                                 )
                                                 )
_____      )

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants Farmer's Group, Inc. d/b/a Farmers Underwriters Association ("Farmers") and Truck Insurance Exchange ("Truck") (collectively for purposes of this motion only, "Defendants"), through undersigned counsel and pursuant to Rules 8(a), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, move the Court for the entry of an Order dismissing the Class Action Complaint ("Complaint") filed by Plaintiff Nora's Style Salon Inc. ("Plaintiff") for lack of personal jurisdiction, improper venue, and failure to state a claim.

## INTRODUCTION

This dispute arises out of Plaintiff's claim for insurance coverage for losses allegedly sustained when Plaintiff's business closed "[a]s a result of the presence of COVID-19 and the Closure Orders." Compl. ¶ 56. Plaintiff acknowledges that coverage under its insurance policy ("Policy") is available only where there is "direct physical loss of or damage to property." *See id.*, Ex. A at p. 31 ("We will pay for direct physical loss of or damage to Covered Property."), p. 44 ("action of civil authority that prohibits access to the 'described premises' due to direct physical loss of or damage to property, other than at the 'described premises'"). Yet Plaintiff has failed to identify ***any*** such physical loss of or damage to property in its Complaint. *Id.* ¶ 2 ("Plaintiff was forced to close its salon due to the COVID-19 pandemic.").

But the merits of the denial of Plaintiff's coverage claim are not yet at issue for a number of reasons. First, as a threshold matter, this Court lacks personal jurisdiction over Defendants. Even taking the well-pleaded factual allegations in the Complaint as true, this dispute concerns a ***New York*** plaintiff, *id.* ¶ 4, bringing claims against two ***California*** defendants, *id.* ¶¶ 5-6, in a dispute related to insurance covering a beauty salon in ***New York***. *Id.* ¶ 4. This case has no place in a Florida court: No factual allegations suggest there is either general or specific jurisdiction over either Defendant, and case law makes clear that class-wide allegations do not

1

support personal jurisdiction where the Plaintiff on its own cannot establish such jurisdiction in the relevant forum.  As a result, this Court lacks personal jurisdiction over Defendants and the Complaint should be dismissed.

Second, even if the Court had such personal jurisdiction (which it does not), dismissal would still be warranted because venue is improper in this District.  Pursuant to 28 U.S.C. § 1391(b), the proper venue for a federal litigation is (i) a judicial district in which any defendant resides, or (ii) a judicial district in which a substantial part of the events giving rise to the claim occurred.  This District does not qualify under either prong.  The Complaint itself alleges that both Farmers and Truck reside in California.  Compl. ¶¶ 5, 6.  And the Complaint is otherwise barren of *any* allegations concerning *any* acts occurring in this District which give rise to Plaintiff's claims.  The Complaint is therefore subject to dismissal for improper venue as well.

Third, even if Defendants and this action were properly before this Court (which they are not), Plaintiff's Complaint would still fail to state a claim.  Plaintiff's purported cause of action for declaratory judgment is nothing more than an attempt to obtain a judicial determination of breach of contract.  Yet Plaintiff's threadbare and singular allegation that "Defendants denied Plaintiff's claim and refuse to pay for Plaintiff's losses and expenses" is plainly insufficient to state a claim for such a breach under applicable law.  Plaintiff cannot rely upon class-wide, generalized allegations to maintain its cause of action—it must sufficiently state a claim on its own behalf by pleading factual content that gives rise to a plausible claim for relief.

Fourth, and in all events, the Complaint is subject to dismissal because it is a "shotgun pleading" that lumps multiple named defendants into a single monolithic actor, hindering the ability of either Defendant or the Court to parse out which actions are alleged to have been taken by which Defendant.  *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020).  As

recently as March of this year, the Eleventh Circuit has instructed that a "district court *must* intervene … and order a repleading of a shotgun complaint." *Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) (emphasis in original).  Here, right up front, Plaintiff defines the two, independent Defendants by a single moniker—"Defendants"—and proceeds to assert every ensuing allegation as against that lumped-together entity.  *See* Compl., p. 1.  The Eleventh Circuit plainly rejects this practice as violative of Rule 8's requirements.

Finally, in addition to these independent bases for wholesale dismissal, all claims should be dismissed as to Farmers specifically because Farmers is not even a ***party*** to the Policy that underlies all such claims.  While Plaintiff seeks relief for purported failures to fulfill contractual duties owed under the Policy, the Policy attached as an exhibit to the Complaint shows it was issued only by Truck.  *See* Compl., Ex. A at p. 123 ("This policy is issued by:  Truck Insurance Exchange.").  Under Eleventh Circuit precedent, the contents of that exhibit control over any allegations to the contrary.  Because an entity "who is not a party to a contract is not bound by its terms," *Wright v. Scales 925 Atlanta, LLC*, 761 F. App'x 884, 888 n.5 (11th Cir. 2019), all of Plaintiff's claims against Defendants other than Truck should be dismissed.

For each or all of these reasons, the Complaint should be dismissed.

## FACTUAL BACKGROUND

Plaintiff is a resident of New York.  Compl. ¶ 4. ("Plaintiff Nora's is a corporation organized under New York law with its principal place of business located [in] New York.").  Defendants are  residents of California.  Compl. ¶ 5 ("Defendant Farmers is a California corporation with its principal place of business [in] Los Angeles, California."); ¶ 6 ("Defendant Truck is an insurance exchange organized under California law with its principal place of business [in] Woodland Hills, CA 91367.").  The property at issue is located in New York, where

3

Plaintiff operates a beauty salon.  *Id.* p. 4 ("The insured premises under the policy is 81 Old Tappan Road, Tappan NY 10893."); *id.* ¶ 4.  Thus, according to the Complaint, this is a dispute between a New York corporation, with its principal place of business in New York, and two California entities organized under California law, with their respective principal places of business in California, relating to an insurance policy covering a property and business located in New York.  *See id.* ¶¶ 4-6, p. 4.  But Plaintiff has nonetheless chosen to file it here.

Beyond that singular, irrelevant choice, there is no actual relationship linking this action or the parties to Florida.  The Complaint fails to assert a ***single*** factual allegation making any such connection.  Plaintiff does not allege that either Defendant issued or sold any insurance policy to Plaintiff in Florida, and the Complaint makes clear that the property subject to Plaintiff's Policy is located in New York—not Florida.  *See id.* ¶ 4, p. 4.  Taken at face value, the allegations in Plaintiff's Complaint suggest that, at best, all of the purported events giving rise to its claims occurred in either California or New York—the residences of the parties—and relate to property located in New York.

Plaintiff's Complaint also fails to assert any specific factual allegations concerning Defendants' purported refusal to honor the Policy.  Throughout Plaintiff's 27-page, 104-paragraph Complaint, the only allegation that specifically addresses what, if anything, Defendants have allegedly done in violation of the Policy is Paragraph 60, which alleges: "In violation of the Policy's plain language and its own contractual obligations, Defendants denied Plaintiff's claim and refuse to pay for Plaintiff's losses and expenses."  Compl. ¶ 60.

Finally, Plaintiff's Complaint early on defines both Defendants—Farmers and Truck—as "Defendants," and then proceeds to assert all factual allegations equally as to both Defendants.  *See, e.g.*, Compl. ¶¶ 2, 3, 24, 59, 60, 83 (directing factual allegations against the grouped

"Defendants" entity). All of these lumped factual allegations are then incorporated into four separate counts, all of which seek only a declaratory judgment (with no legal claim) that certain "losses incurred" by the class members "are insured losses under their policies" and that, as a result, "Defendants are obligated to pay Plaintiffs" for the full amount of the losses incurred. *See, e.g.*, *id.* ¶¶ 78, 85, 92, 104.

## ARGUMENT

### I.    The Court Lacks Personal Jurisdiction Over Defendants

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015). "[V]ague and conclusory allegations" alone are "'insufficient to establish a prima facie case of personal jurisdiction.'" *Id.* (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006)). Without personal jurisdiction over a defendant, "[a] court must dismiss an action." *Peruyero v. Airbus S.A.S.*, 83 F.Supp.3d 1283, 1286 (S.D. Fla. 2014); Fed. R. Civ. P. 12(b)(2).

"There are two types of personal jurisdiction: specific and general." *Miller v. Gizmodo Media Grp., LLC*, 383 F.Supp. 3d 1365, 1370 (S.D. Fla. 2019) (quoting *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir. 1990)); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). While general personal jurisdiction authorizes personal jurisdiction over causes of action "without regard to where the cause of action arose," specific personal jurisdiction "authorizes jurisdiction over causes of action [only] arising from or related to the defendant's actions within a state." *Id.* (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013)). Class actions do not change the requirements for personal jurisdiction: *the named representatives must be able to demonstrate either general or*

5

*specific personal jurisdiction.*"  *Story v. Heartland Payment Sys., LLC*, --- F.Supp. 3d ---, 2020 WL 2559755, at *10 (M.D. Fla. May 20, 2020) (emphasis in original).

A federal court undertakes a two-step inquiry to determine whether personal jurisdiction exists over an out-of-state defendant corporation.  *Mazer*, 556 F.3d at 1274.  First, a court determines whether jurisdiction exists under Florida's long-arm statute, Florida Statute § 48.193.  *Id.*  Interpretation of the long-arm statute is grounded in the rulings of the Florida Supreme Court and Florida intermediate appellate courts, and the long-arm statute is to be strictly construed.  *Id.*  Second, the court must determine whether there are sufficient "minimum contacts" within the forum to comply with federal-constitutional due process such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."  *Id.*

A.      Plaintiff's Complaint Does Not Establish
General Jurisdiction Over Defendants

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction because, as an initial matter, the Complaint contains no factual allegations sufficient to establish a *prima facie* case of general jurisdiction.  According to the Supreme Court, "the paradigm forum for the exercise of general jurisdiction" over a corporation is a place "in which the corporation is fairly regarded as at home."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (emphasis added).  Neither Defendant is "at home" in Florida.  *Id.*

As the Eleventh Circuit has explained, there exist "'only a limited set of affiliations with a forum [that] will render a defendant at home there.'"  *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *Daimler*, 571 U.S. at 137).  The relevant inquiry for purposes of general jurisdiction "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum

State." *Daimler*, 571 U.S. at 139.  In fact, even a "substantial, continuous, and systematic course of business" is insufficient to justify the exercise of general jurisdiction where a corporation is not "at home." *Id.* at 137.

The "paradigm" fora where a corporation may be "at home" are "the corporation's place of incorporation and its principal place of business." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018).  In *Waite*, the Eleventh Circuit reaffirmed that, "[o]utside of these two exemplars, a defendant's operations will 'be so substantial and of such a nature as to render the corporation at home in that State' only in an '*exceptional case*.'" *Id.* (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017)).[1]  Indeed, in *Daimler* itself, the Supreme Court specifically noted that it found "no occasion to explore that [exception] question" because Daimler's activities "plainly d[id] not approach that level." *Id.*  Even though Daimler's affiliations with California were significant—its subsidiary had multiple California-based facilities, and it was the "largest supplier of luxury vehicles to the California market"—the Supreme Court nonetheless found that because Daimler was not incorporated in California and did not have its principal place of business there, it was not subject to general jurisdiction in California. *Daimler,* 571 U.S. at 139; *see also Waite*, 901 F.3d at 1317 ("The facts of Daimler illustrate the heavy burden of establishing such an exceptional case.").

Applying *Daimler*, the Eleventh Circuit has established its own test for general jurisdiction.  Specifically, to determine whether a court is facing "one of the exceptional cases in

---

[1]     Significantly, the Supreme Court gave but *one* example in *Daimler* of such an exceptional case where general jurisdiction may apply even outside of a corporation's place of incorporation or principal place of business: *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952).  In *Perkins*, a foreign corporation operated a mining company in the Philippines but, because of the Japanese occupation of the Philippines during World War II, the "president [of that corporation] moved to Ohio, where he kept an office, maintained the company's files, and oversaw the company's activities." *Daimler*, 571 U.S. at 129 (citing *Perkins*).  Given these facts, the Supreme Court held that Ohio became "the corporation's principal, if temporary, place of business." *Id.* at 130 (citation omitted).

which a federal court's exercise of general jurisdiction may be proper outside of the paradigm places where a corporation is at home," the Eleventh Circuit evaluates "whether the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Waite*, 901 F.3d at 1317-18.  Applying this test, the Eleventh Circuit has previously found that there was no general jurisdiction over a defendant in Florida even where the defendant had a bank account, address, and post office box in Florida, had purchased insurance in Florida, had filed a financial statement in Florida, and was a member in a Florida-based non-profit trade organization.  *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015).  Similarly, in *Waite*, the Eleventh Circuit found that no general jurisdiction existed even where the defendant had a distributor in Florida, had been registered to do business in Florida for more than sixty years, maintained an agent to receive service of process in Florida, and built a plant in Florida while also discussing whether to build a shipping terminal there.  *Id.*  In fact, Defendants have been unable to identify a single decision within the Eleventh Circuit, issued after the Supreme Court's *Daimler* decision, that has found general jurisdiction anywhere *other than* in a corporation's place of incorporation or principal place of residence.

Here, Plaintiff's own Complaint all but admits (and, at least, does not challenge) that Defendants are not "at home" in Florida and are therefore not subject to general personal jurisdiction in the state.  Plaintiff alleges that both Defendants are organized under the laws of California and that their principal places of business are in California.  Compl. ¶¶ 4-6.  Aside from an introductory allegation that Farmers is "engaged in the business of selling insurance contracts … in all fifty states, including in states like Florida," *id.* ¶ 5, the only factual allegations purportedly linking Defendants to Florida are Plaintiff's boiler-plate allegations that Defendants

have engaged in activity "on a continuous and systematic basis in the state of Florida." *Id.* ¶ 7.

Under *Daimler*, even taking these conclusory allegations as true, they are insufficient to justify

the exercise of general jurisdiction where a corporation is not "at home." *Daimler*, 571 U.S. at

137. An allegation that Defendants sell insurance in Florida—as they do in all fifty states,

according to the Complaint—is insufficient to render Defendants "at home" in Florida, lest they

be considered "at home" in fifty different states across the nation. For these reasons, Plaintiff's

Complaint fails to establish general jurisdiction over the Defendants.

**B.**     **Plaintiff's Complaint Does Not Establish**
           <u>Specific Jurisdiction Over Defendants</u>

Plaintiff's Complaint similarly fails to allege sufficient facts to establish a prima facie

case of specific jurisdiction over Defendants. "[A] fundamental element of the specific

jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the

defendant's contacts with the forum." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010). In

assessing whether a claim arises out of or relates to the defendant's contacts, "a court should

'focus on the direct causal relationship between the defendant, the forum, and the litigation.'"

*Lee v. Branch Banking & Tr. Co.*, 2018 WL 5633995, at *4 (S.D. Fla. Oct. 31, 2018) (quoting

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1356 (11th Cir. 2013)). This direct

causal relationship has been distilled by the Eleventh Circuit into a very simple test: a cause of

action "arises out of or relates to the defendant's activity in a state *only if* the activity is a 'but-

for' cause" of the controversy. *Waite*, 901 F.3d at 1314 (emphasis added); *see also Robey v.

JPMorgan Chase Bank, N.A.*, 343 F.Supp. 3d 1304, 1319 (S.D. Fla. 2018) ("[T]o exercise

specific jurisdiction without violating due process, the defendant's activities in the forum state

must be a 'but-for' cause of the plaintiff's claim.").

9

Here, Plaintiff has alleged absolutely no nexus or direct causal relationship between Defendants' forum activities and the causes of action in its Complaint. Plaintiff's allegations plainly fail the "but-for" causation test. Even had Defendants never sold a single commercial insurance policy in Florida, Plaintiff's causes of action would be unaffected. This is because Plaintiff's causes of action, which seemingly relate to an insurance policy purchased in New York from two Defendants in California for a property in New York, did not occur in Florida and did not arise from any of Defendants' actions in Florida. And even if Plaintiff was purportedly harmed by Defendants' activities *outside* of Florida which were substantially similar to the same types of activities that Defendants allegedly performed *inside* Florida, as a matter of law that is still insufficient to establish specific jurisdiction. The Eleventh Circuit has expressly held that a plaintiff's harm that "may have arisen from [defendant's] activity outside of Florida that was like some of [defendant's] activities in Florida" is simply "not enough" to justify the exercise of specific jurisdiction. *Hinkle v. Cirrus Design Corp.*, 775 Fed. Appx. 545, 550 (11th Cir. 2019).

Plaintiff also may not rely on its generalized class allegations to satisfy its own specific jurisdiction analysis: it is black-letter law that "*the named representatives must be able to demonstrate either general or specific personal jurisdiction*." *Story*, --- F.Supp. 3d at ---, 2020 WL 2559755, at *10 (emphasis in original). This is because "imposing personal jurisdiction on [a] defendant for all of the claims of non-resident plaintiffs, just because specific jurisdiction may lie as to the resident plaintiff's claims, would run afoul of the traditional notions of fair play and substantial justice that form the bedrock of any court's personal jurisdiction analysis." *Id.* In this regard, federal courts routinely dismiss the claims of non-resident named plaintiffs in putative class actions where those named plaintiffs could not demonstrate personal jurisdiction over the defendant based on their own, individual causes of action. *See, e.g.*, *Lee v. Branch*

*Banking & Tr. Co.*, 2018 WL 5633995, at *4 (S.D. Fla. Oct. 31, 2018); *Chernus v. Logitech, Inc.*, 2018 WL 1981481, at *3-6 (D.N.J. Apr. 27, 2018).   For example, in *Lee*, a Judge in this District addressed an analogous factual scenario in which multiple non-resident plaintiffs asserted class action claims against BB&T based on BB&T's purported nation-wide practice of calling potential customers to solicit business.   *Lee*, 2018 WL 5633995.   In dismissing the complaint for lack of personal jurisdiction, the Court held that "it would be unreasonable to infer that the allegedly offending calls to those Plaintiffs were made to or from Florida, or otherwise arose from BB&T's operations in the state."   *Id.*

Here,   Plaintiff has not pleaded facts sufficient to establish a *prima facie* case of either general or specific jurisdiction over the Defendants.   Plaintiff's Complaint should therefore be dismissed for a lack of personal jurisdiction.

## II.   <u>Plaintiff's Complaint Should Be Dismissed for Improper Venue</u>

Even if Defendants were subject to this Court's jurisdiction, Plaintiff's Complaint would nonetheless be subject to dismissal because it fails to establish any basis for venue in the Southern District of Florida.   *See* Fed. R. Civ. P. 12(b)(3).   Under  28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391; *see also M Tobacos, Inc. v. Case*, 2015 WL 11438107, at *1 (S.D. Fla. Apr. 17, 2015).   When venue is challenged, it is the court's duty to determine whether the case falls

11

within one of these three categories.  *Id.*  at *2.  "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Id.*  "On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper."  *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D. Fla. 2004).

Here, Plaintiff has made no attempt to satisfy its burden to demonstrate that venue is proper in this District.  In fact, the Complaint affirmatively demonstrates that venue here is **improper**.  As to the first prong of Section 1391(b), the Complaint here admits that both Defendants are residents of California, not Florida.  Compl. ¶¶ 5, 6.  Thus, the first prong is inapplicable to Plaintiff's allegations.

Plaintiff also fails to meet the second prong.  Although Plaintiff alleges that "[v]enue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in this district and/or a substantial party of the property that is the subject of the action is situated in this district,"  Plaintiff does not include a *single* factual allegation supporting this conclusory recitation of the legal standard.  Compl. ¶ 7.  Courts in the Eleventh Circuit have repeatedly held that such conclusory allegations are insufficient to establish venue in the absence of any specific factual averments.  *See, e.g.*, *Southern Visions, LLP v. Red Diamond, Inc.*, 2018 WL 8221528, at *3 (N.D. Ga. Dec. 10, 2018) (finding venue improper because "the Court cannot simply rely on Plaintiff's conclusory statements that the purported infringing acts occurred in this judicial district"); *EEOC v. CRST Int'l, Inc.*, 2017 WL 4959219, at *4 (M.D. Fla. Nov. 1, 2017) (holding venue to be improper where "no specific facts support th[e] conclusory allegation" that events giving rise to the claim occurred in the district); *M Tobacos*, 2015 WL 11438107, at *2 (holding that "vague, conclusory

allegations" are insufficient to establish proper venue).  Plaintiff therefore fails to establish proper venue under the second prong of § 1391(b)(2) as well.

Finally, Plaintiff also fails to satisfy the third prong.  The third prong applies only where there is no other judicial district in which an action may be brought ***and*** only when the relevant forum can properly exercise personal jurisdiction over the matter.  Neither requirement is satisfied here.  Not only would venue be proper in the Central District of California, but the Southern District of Florida cannot exercise personal jurisdiction over either Defendant.  *See, e.g.*, *Greiser v. Drinkard*, 2017 WL 7788165, at *2 (S.D. Fla. Dec. 8, 2017) (finding that venue was "clearly improper" in the Southern District of Florida where "Defendant lives in Pennsylvania," "is not a resident of this District," and all of the "events giving rise to the cause of action occurred in Pennsylvania"); *see also Kinsman v. Florida State Univ. Bd. of Tr.*, 2015 WL 11110542, at *2 (M.D. Fla. Apr. 25, 2017) (holding that the third prong of Section 1391(b) is inapplicable where "it is undisputed" that venue would be proper in a different district under Section 1391(b)(1)).

For all of these reasons, Plaintiff's Complaint should be dismissed for improper venue.

## III.   <u>Plaintiff's Complaint Fails to State a Claim</u>

Finally, even if this Court had personal jurisdiction over Defendants and venue were proper, Plaintiff's Complaint would still be subject to dismissal for failure to state a claim.

### A.   <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, meaning that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  And while the Court must accept a plaintiff's well-pleaded facts as true, it need not accept "conclusory allegations, unwarranted deductions of fact[]," *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002), or "legal conclusion[s] couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation omitted).

### B.   The Complaint Fails to State a Valid Claim for Declaratory Judgment

While Plaintiff purports to assert four different counts for declaratory judgment, the allegations themselves—which seek a declaration that losses incurred in connection with COVID-19 are covered losses, that denial of coverage for those losses is in violation of Defendants' insurance policies, and that Defendants are obligated to pay for all such losses incurred—make clear that Plaintiff is actually pursuing a breach of contract theory.

Courts in the Eleventh Circuit have repeatedly explained that "[a] petition seeking a declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract." *See Ministerio Evangelistico Int'l v. United Specialty Ins. Co.*, 2017 WL 1363344, at *2 (S.D. Fla. 2017) (quoting *Eisenberg v. Standard Ins. Co.*, 2009 WL 3667086 (S.D. Fla. 2009)); *see also Ritterman v. Lexington Ins. Co.*, 2018 WL 7252902 (S.D. Fla. Dec. 3, 2018).  This does not change in the class action context, where courts have dismissed declaratory judgment actions where adequate remedies at law exist through claims for breach of contract.  *See, e.g.*, *Virga v. Prog. Am. Ins. Co.*, 215 F.Supp.3d 1320, 1323 (S.D. Fla. 2016).

Here, Plaintiff's counts seek declaratory judgment that certain "losses incurred" by the class members "are insured losses under their policies" and that, as a result, "Defendants are obligated to pay Plaintiffs" for the full amount of the losses incurred. *See, e.g.*, ¶¶ 78, 85, 92, 104. Compl. ¶ 118. Taking as true Plaintiff's incorporated allegation that Defendants "have denied claims related to COVID-19 on a uniform and class-wide basis," Compl. ¶¶ 76, 83, 90, Plaintiff's requested declaration is "nothing more than a petition claiming breach of contract," *see Ministerio Evangelistico Int'l*, 2017 WL 1363344, at *2.

However, Plaintiff's threadbare and conclusory allegations fail to state any claim for breach of contract, or declaratory judgment, under applicable pleading standards. *See Iqbal*, 556 U.S. at 678; *Twombly*, 127 S.Ct. at 1964-1965. The entirety of the Complaint speaks in generalities and class-wide allegations. As it relates specifically to Plaintiff, the Complaint only includes one factual allegation concerning Defendants' purported breaches of contract or denials of claims: the Complaint alleges that "Defendants denied Plaintiff's claim and refuse to pay for Plaintiff's losses and expenses." Compl. ¶ 60. Addressing a virtually identical allegation in a similar insurance coverage dispute, the Southern District of Florida has held that "when a plaintiff merely alleges that the defendant breached th[e] contract by failing to provide coverage per the terms of the contract … and by failing to pay [p]laintiffs the benefits due and owing under the policy, the complaint must be dismissed." *Wohl Built, Inc. v. Maxum Indem. Co.*, 2017 WL 10410373, at *2 (S.D. Fla. 2017) (quoting *Timber Pines Plaza, LLC v. Kinsale Ins. Co.*, 2016 WL 8943313, at *2 (M.D. Fla. 2016)).

That is precisely the case here. Plaintiff does not allege when Defendants denied Plaintiff's claim, how Defendants denied the claim, why Defendants denied the claim, or even if the denial was related to COVID-19. Plaintiff's Complaint simply alleges, almost verbatim, the

conclusory formula that is insufficient to state a claim: specifically, "that the defendant breached th[e] contract by failing to provide coverage per the terms of the contract … and by failing to pay plaintiffs the benefits due and owing." *Id.*; *see also* Compl. ¶ 60.  Plaintiff's Complaint therefore fails to state any claim and should be dismissed.

### IV.   Plaintiff's Complaint Is a Quintessential "Shotgun Pleading" Which Requires Dismissal

In all events, Plaintiff's Complaint should be dismissed because it is a quintessential shotgun pleading which asserts multiple counts against multiple defendants without specifying which Defendant is allegedly responsible for which acts or omissions.  The Eleventh Circuit has engaged in a more than "thirty-year salvo of criticism aimed at shotgun pleadings," and "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."  *P&M Corp. Fin., LLC v. Law Off. of David J. Stern, P.A.*, No. 0:15-CIV-60736-MOORE, 2016 WL 1045826, at *2 (S.D. Fla. Mar. 16, 2016); *see also Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295, n.9 (11th Cir. 2002).  Throughout that history, the Eleventh Circuit has identified "four types of shotgun pleadings" that it has held warrants dismissal.  *Tran v. City of Holmes Beach*, – F. App'x –, 2020 WL 4036588, at *2 (11th Cir. July 17, 2020).  All these forms of shotgun pleading possess a "unifying characteristic" rendering them improper:  "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.*  (internal quotation marks omitted).

The problems posed by imprecise shotgun pleading are not merely technical: they can impact the progression of a case and impose undue burdens on litigants and the judicial system alike.  As the Eleventh Circuit has explained, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and

unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

As a result, as recently as March of this year, the Eleventh Circuit "instructed that a district court '*must* intervene … and order a replead[ing]' of a shotgun complaint" because such pleadings "do not comport with the pleading requirements of Rule 8." *See Hirsch*, 805 F. App'x at 991 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)); *see also Perez v. Get Me, Corp.*, No. 12-20600-CIV-KING, 2012 WL 13134587, at *2 (S.D. Fla. June 13, 2012) ("When faced with a shotgun complaint, requiring a re-pleader is appropriate."); *Lane v. Cap. Acquisitions & Mgmt. Co.*, No. 04-60602-CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minimum standard of Rule 8.  As such, the individual defendants cannot determine from the face of the Complaint which acts or omissions the Plaintiffs seek to hold each of them liable.").

The Eleventh Circuit has explained that one of the four forms of impermissible shotgun pleading is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against." *Tran*, 2020 WL 4036588, at *2.  This practice of "lumping" together the actions of all defendants is proscribed by the Eleventh Circuit because it is inconsistent with Fed. R. Civ. P. 8(a).  *See DeSisto Coll., Inc. v. Line*, 888 F.2d 755, 761 (11th Cir. 1989); *see also Naftali v. Capasso*, No. 15-CIV-60995-BLOOM/VALLE, 2015 WL 4483995, at *4 (S.D. Fla. July 22, 2015) ("When a complaint indiscriminately lumps all defendants together it fails to comply with Rule 8.") (internal quotation marks omitted).

In fact, the Eleventh Circuit has repeatedly affirmed dismissal of complaints where such impermissible grouping occurs—"whether against two defendants or seven"—including twice in just the past two years.  *See, e.g.*, *Hirsch*, 805 F. App'x at 992 (affirming the trial court's dismissal of a class action complaint that alleged all factual allegations as to all defendants, and explaining that such a practice "is still an impermissible shotgun pleading, whether against two defendants or seven"); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 664 (11th Cir. 2019) (affirming dismissal where complaint "failed to specify the exact conduct each defendant engaged in as to each count"); *see also Wyndham Vacation Ownership, Inc. v. CLS, Inc.*, No. 18-81250-CIV-DIMITROULEAS, 2018 WL 9869799, at *2 (S.D. Fla. Nov. 5, 2018) (holding that "dismissal of the Complaint is appropriate" due to the plaintiffs' "improper group pleading" which "repeatedly lumps the Defendants together, rendering it unclear and confusing as to which Defendant is being charged with which conduct and on what grounds").

For example, in *Hirsch*, the Eleventh Circuit cited with approval the trial court's dismissal of a complaint that asserted claims against two defendants where, as here, the complaint "simply lumped the multiple defendants together" and "did not indicate which defendant is responsible for which actions."  *Hirsch*, 805 F. App'x at 989 & n.2.  The Eleventh Circuit then affirmed dismissal with prejudice where, upon re-pleading, the amended complaint contained the same impermissible lumping as to seven defendants—explaining that the complaint "is still an impermissible shotgun pleading, whether against two defendants or seven." *Id.* at 992; *see also Williams v. Keenan*, 2007 WL 1287708, at *1 (M.D. Ga. Apr. 30, 2007) (dismissing shotgun pleading where "the Complaints fail[ed] to delineate the conduct attributable to each Defendant," and "[i]n each count, the Complaints allege[d] that 'Defendants' engaged in prohibited conduct, but make no distinction among the four named Defendants").

Here, Plaintiff's pleading suffers from precisely the same maladies described in *Hirsch* and *Williams* by impermissibly grouping "Defendants."   Every single one of the material factual allegations in Plaintiff's Complaint is indiscriminately alleged to have been committed by both Defendants and thus the Complaint "fail[s] to delineate the conduct attributable to each Defendant."   *Id.*   Since Plaintiff fails to specify which of the various alleged actions were taken by Farmers as distinct from Truck, the Complaint fails to state a claim.   *Tran*, 2020 WL 4036588, at *2.

**V.      Plaintiff's Complaint Should Also Be Dismissed
         as to Farmers Because Farmers Is Not a Party to the Policy**

Finally, at a minimum Plaintiff's Complaint should be dismissed as to Farmers because the exhibit attached to Plaintiff's Complaint confirms that Farmers is not a party to the Policy that has allegedly been breached.   Each count of the Complaint is based on the theory that Defendants are refusing to honor certain obligations under the Policy.   *See* Compl., Counts I, II, III, IV.   But the very exhibit Plaintiff attaches to its Complaint confirms that Farmers is not actually a party to the Policy.   *See*   Compl., Ex. A at p. 123 ("This policy is issued by:   Truck Insurance Exchange.").

It is black-letter law in the Eleventh Circuit that "[w]here exhibits are submitted that contradict the alleged facts, the exhibits control, despite our construction of facts in favor of their truth."   *Celestine v. Cap. One*, 741 Fed. Appx. 712, 713 (11th Cir. 2018); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").   Moreover, "[i]t is axiomatic that a person

who is not a party to a contract is not bound by its terms." *Wright v. Scales 925 Atlanta, LLC*, 761 F. App'x 884, 888 n.5 (11th Cir. 2019).

Here, Plaintiff's claims necessarily rely on a position that each of the Defendants is a party to the underlying Policy and is bound by its terms.  But such a position is flatly contradicted by the exhibit to Plaintiff's own Complaint, which demonstrate that Farmers is not a party to the Policy.  Thus, because the exhibit confirms that Plaintiff's Policy was not issued by Farmers, each of Plaintiff's claims should be dismissed as to Farmers.  *See Celestine*, 741 Fed. Appx. at 713.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should enter an Order granting this Motion and dismissing Plaintiff's Complaint.

Respectfully submitted this 15th day of September 2020.

By: */s/ Allen P. Pegg*
Allen P. Pegg

**HOGAN LOVELLS US LLP**
Allen P. Pegg
Fla. Bar No. 597821
Joshua T. Fordin
Fla. Bar No. 125219
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
allen.pegg@hoganlovells.com
joshua.fordin@hoganlovells.com
olga.garcia@hoganlovells.com (secondary)

Jasmeet K. Ahuja (*pro hac vice*)
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600
Fax: (267) 675-4601
jasmeet.ahuja@hoganlovells.com

*Counsel for Farmer's Group, Inc. d/b/a Farmers*
*Insurance Underwriters Association and Truck*
*Insurance Exchange*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused a true and correct copy of the foregoing to be

filed with the Clerk of the Court using the CM/ECF system, which will send a notification of

such filing to all counsel of record.

This 15th day of September, 2020.

By: */s/ Allen P. Pegg*
Allen P. Pegg
Fla. Bar No. 597821

**HOGAN LOVELLS US LLP**
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
allen.pegg@hoganlovells.com

*Counsel for Defendants*